# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |                |
|--------------------------|---|----------------|
| IN RE: DAESHAWN HARRIS   | : | CIVIL ACTION   |
|                          | : | No. 21-1940    |

## MEMORANDUM

PRATTER, J.                                                                                                                           MAY 13, 2021

On April 26, 2021, the Clerk of Court docketed a two-page filing from Daeshawn Harris, a prisoner currently incarcerated at George W. Hill Correctional Facility. Doc. No. 1. Although these submissions are deficient as a complaint in a civil action in a number of respects as set forth below, the clerk of court treated this filing as a federal civil rights complaint brought pursuant to 42 U.S.C. § 1983 and opened a civil action. However, it is not clear to the Court that Mr. Harris, by submitting the filing, intended to initiate a federal civil rights case. Because proceeding in this manner could have consequences that Mr. Harris did not intend when he mailed the filing, the Court will require further filings from Mr. Harris as detailed in the accompanying order, consistent with the Federal Rules of Civil Procedure and the relevant statutes.

Mr. Harris's Complaint is comprised of two letters written on inmate grievance forms. The first appears to be directed to the attention of "Ms. Dana Greenspan" of the "Public Defender Association of Philadelphia" and states that Mr. Harris "have [sic] been continued to be . . . racially 'Black' discriminated against" in violation of the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, as well as "Section 2901(B) Kidnapping of the Pennsylvania Crimes Code." The second letter/grievance form is directed to the attention of "President Judge Kevin F. Kelly." It does not state a basis for any claim, but again refers to the constitutional amendments and Pennsylvania's Crimes Code. On May 10, 2021, Mr. Harris filed

1

another letter written on an inmate grievance form, directed to the attention of this Court. He reiterated the statements made in his prior submissions.

Mr. Harris's submissions fail to meet the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes, and, therefore, cannot serve as a federal complaint in their present form. They fail to comply with Federal Rule of Civil Procedure 3, which states that "[a] civil action is commenced by filing a complaint with the court." Furthermore, even construing Mr. Harris's submissions as a complaint, they do not comply with the requirements of Federal Rules of Civil Procedure 8 and 10. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10). Mr. Harris's letters do not identify a defendant and do not set forth facts or claims in numbered paragraphs.

Moreover, all parties instituting a civil action in a district court must pay a filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914(a), (b); District Court Misc. Fee Schedule (attached as a note to Section 1914). The additional fee does not apply to persons granted leave to proceed *in forma pauperis*. An action may proceed despite a plaintiff's failure to prepay the entire fee but only if he is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). With respect to prisoners, the *in forma pauperis* option also requires that prisoners

2

include a certified copy of their prison trust account statement reflecting the six-month period prior to the filing of the complaint, from which portions of the filing fee will be deducted on a monthly basis pursuant to a schedule. *See* 28 U.S.C. § 1915(a)(2) and (b)(1)-(b)(2). Here, Mr. Harris has neither paid the required filing fee, nor sought leave to proceed *in forma pauperis*, nor submitted the required prison trust account statement.

An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE